MARK C. BIERHAALDER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bierhaalder v. Commissioner
Docket No. 15090-90
United States Tax Court
T.C. Memo 1993-164; 1993 Tax Ct. Memo LEXIS 168; 65 T.C.M. (CCH) 2418; April 15, 1993, Filed *168 An appropriate order will be entered requiring petitioner to pay a penalty under sec. 6673, and a decision will be entered for respondent. Mark C. Bierhaalder, pro se. For respondent: James B. Ausenbaugh. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiencies in and additions to tax in petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
6654
1985
[2] $ 8,881.00
$ 4,441.00
[1]
--    --
$ 323.00
1986
10,537.00
--   [1]
$ 7,903.00
--
510.00
1987
[2] 12,251.00
--   --
9,188.00
[1]
618.00
1988
[2] 10,946.00
8,210.00
--
--   --
544.00
The issues for decision are: (1) Whether petitioner is liable for the deficiencies in income taxes and additions to tax under section 6654 as determined *169 by respondent. We hold that he is. (2) Whether petitioner is liable for additions to tax for fraud. We hold that he is. Unless otherwise provided, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT At the time of the filing of the petition, petitioner was a resident of Salt Lake City, Utah. Petitioner timely filed income tax returns for 1983 and 1984 showing taxes owed of $ 215 and $ 2,855, respectively. On December 12, 1991, Respondent's Request for Admissions was filed in this case. Petitioner did not respond to the request. Therefore, pursuant to Rule 90, the following admissions are deemed admitted: (1) Petitioner has never filed a Federal income tax return for the years 1985, 1986, 1987, or 1988. (2) During the years 1985, 1986, 1987, and 1988, petitioner was employed as an Air Traffic Controller by the Federal Aviation Administration (FAA). (3) Petitioner received wage income from the FAA during 1985, 1986, 1987, and 1988 in the amounts of $ 38,763, $ 45,368, $ 48,653, and $ 51,261, respectively. (4) On May 28, 1985, petitioner filed *170 a Form W-4 with the FAA claiming that he did not expect to owe any Federal income tax for 1985 and that he was exempt from withholding taxes on his wages. (5) On February 23, 1987, petitioner filed a Form W-4 with the FAA claiming that he did not expect to owe any Federal income tax for 1987 and that he was exempt from withholding taxes on his wages. (6) On April 8, 1988, petitioner filed a Form W-4 with the FAA claiming that he did not owe any Federal income tax for 1987 and that he was entitled to nine withholding exemptions. (7) Petitioner received Forms W-2 from the FAA for the years 1985, 1986, 1987, and 1988 showing wage income of $ 38,746, $ 45,368, $ 48,653, and $ 51,261, respectively. (8) Petitioner received interest income during 1985, 1986, and 1987 in the amounts of $ 224, $ 24, and $ 25, respectively. Upon determining that petitioner had failed to file income tax returns for 1985 and 1986, respondent issued an administrative summons requesting petitioner to supply documents related to his taxes for those years. Petitioner appeared for the scheduled meeting but failed to provide the requested material. After a further unsuccessful attempt to persuade petitioner *171 to comply with the summons, respondent sought an order compelling petitioner to comply with the summons. On October 14, 1988, the United States District Court for the District of Utah issued an order enforcing that summons and requiring that the requested documents be provided to respondent on October 20, 1988. Petitioner did not comply with the summons as ordered by the court. Petitioner finally complied with the summons after the District Court issued a second order. Petitioner was generally uncooperative throughout the audit conducted by respondent. On April 6, 1990, respondent issued a notice of deficiency for petitioner's 1985, 1986, 1987, and 1988 tax years. OPINION Deficiencies and Section 6654 Additions to Tax
Deficiencies determined by respondent are presumed to be correct, and petitioner bears the burden of proving that such deficiencies are incorrect. Rule 142(a); . Petitioner also has the burden of proving the incorrectness of respondent's determination regarding the section 6654 additions to tax. . *172 At trial, petitioner called no witnesses and presented no evidence to dispute respondent's determinations. Moreover, we have before us the deemed admissions which support those determinations. We hold that petitioner has not met his burden of proving that respondent's determinations are incorrect and that petitioner is liable for deficiencies and section 6654 additions to tax as stated in the notice of deficiency. Additions to Tax for Fraud
Respondent determined that petitioner is liable for additions to tax for fraud under section 6653(b) for each of the years at issue. During the years at issue, the provisions of section 6653(b) changed. However, for each year, respondent must prove, by clear and convincing evidence: (1) An underpayment of tax, and (2) fraudulent intent. Sec. 7454(a); Rule 142(b); . For 1985, respondent must prove some part of the underpayment is attributable to fraud, except with respect to the interest portion, for which respondent must show the amount of the underpayment attributable to fraud. For 1986, 1987, and 1988, respondent must prove that some part of the underpayment *173 is attributable to fraud. The burden then shifts to petitioner to show the amount of the underpayment which is not attributable to fraud. Sec. 6653(b)(2). Section 6653(c) defines an underpayment as a deficiency as defined by section 6211. Based on the deemed admissions, we find that respondent has presented clear and convincing evidence of an underpayment by petitioner for each year. Fraud is defined as an actual, intentional wrongdoing by the taxpayer with a specific intent to evade a tax known to be owing. Zell v. Commissioner. , affg. . Because respondent rarely has direct evidence of fraudulent intent, such intent may be proven by circumstantial evidence. ; . In order to prove fraud, respondent must show some affirmative act of evasion; mere failure to file is not enough. . However, failure to file returns is a factor *174 to be considered along with the other indicia of fraud. . A pattern of nonfiling together with affirmative wrongdoing establishes fraudulent intent. . In the case before us, petitioner consistently failed to file returns over 4 years. In addition, respondent has presented sufficient evidence to establish that petitioner filed false Forms W-4, failed to cooperate with respondent's agents and defied an order of the U.S. District Court. Petitioner is intelligent enough to understand his obligation to file accurate tax returns and Forms W-4; nevertheless, on each of three Forms W-4, he claimed that he did not owe any tax for the prior year and that he was exempt from tax or was entitled to nine exemptions when it was clear that such claims were false. Moreover, petitioner undoubtedly has the capability to understand the import of an order of the U.S. District Court; yet the court had to issue a second order before petitioner would comply. The evidence of petitioner's false Forms W-4, his pattern of nonfiling, his failure to *175 cooperate with respondent's agents, and his defiance of the U.S. District Court's order is clear and convincing evidence of fraudulent intent. Zell v. Commissioner, supra at 1146. Finally, we find that respondent has proven that all of the understatement for 1985 was due to fraud, so the section 6653(b)(2) addition to tax applies to the entire deficiency. With regard to the 1986, 1987, and 1988 taxable years, respondent has established that at least a portion of each underpayment is due to fraud, and petitioner has presented no evidence to show that any part of the underpayments was not due to fraud, so the entire amounts are presumed to be due to fraud. Therefore, we hold that petitioner is liable for all of the additions to tax under section 6653(b) determined by respondent for the years at issue. Section 6673 Sanctions
We consider, sua sponte, the imposition of a penalty under the provisions of section 6673. That section provides that whenever it appears to this Court that proceedings have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position is frivolous or groundless, we may require the taxpayer to pay to the United *176 States a penalty not in excess of $ 25,000. Sec. 6673(a)(1). This proceeding primarily involves additions to tax for fraud. Although generally we are reluctant to require a section 6673 penalty in fraud cases, the record in this case clearly establishes that such a penalty is warranted here. Throughout the administrative proceedings, petitioner was extremely uncooperative, going so far as to defy an order of the U.S. District Court. Petitioner continued that pattern in this Court. He refused to stipulate any facts, did not present any evidence to dispute the deficiency or the additions to tax and, on brief, primarily presented tax protester-type arguments. We find that petitioner instituted this proceeding primarily for purposes of delay and his position was frivolous. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 20,000. An appropriate order will be entered requiring petitioner to pay a penalty under sec. 6673, and a decision will be entered for respondent.
Footnotes
2. These amounts are reduced by the amounts withheld by petitioner's employer.↩
1. 50 percent of the interest due on the deficiency.↩